UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VIRGIL L. TOWNS, )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>     Defendant. ) | CAUSE NO.: 1:14-CV-161-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Virgil L. Towns on May 28, 2014, and Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 20], filed by Plaintiff on December 26, 2014. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 6, 2015, the Commissioner filed a response, and on June 15, 2015, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

On May 4, 2011, Plaintiff filed an application for disability insurance benefits and supplemental security income with the U.S. Social Security Administration alleging that he became disabled, after an amendment to his application, on April 25, 2011. Plaintiff's application was denied initially and upon reconsideration. On August 24, 2012, Administrative Law Judge ("ALJ") William D. Pierson held a hearing at which Plaintiff, with an attorney, Plaintiff's girlfriend Alicia Keinal, and a Vocational Expert ("VE") testified. On September 27, 2012, the ALJ issued a decision finding Plaintiff not disabled. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on March 28, 2014. *See* 20 C.F.R. § 404.981. The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since April 25, 2011, the alleged onset date.

3. The claimant has the following severe impairments: hypertensive vascular disease, chronic kidney disease, cardiomyopathy, and urinary urgency.

4. The claimant does not have an impairment or combination of impairments that meets or medical equals one of the listed impairments in 20 C.F.R. Part 404, Subppart P, Appendix 1.

5. After careful consideration of the entire record, the ALJ found that the claimant has the residual functional capacity to perform sedentary work except he is limited to pushing, pulling, lifting, and carrying 10 pounds throughout the day. The claimant can sit for 6 hours of an 8-hour workday, and stand or walk for 2 hours of an 8-hour workday. The claimant can never climb ladders, ropes, or scaffolds. He can occasionally crouch, crawl, stoop, climb, or balance.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on November 13, 1969, and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 25, 2011, through the date of the ALJ's decision.

Under 42 U.S.C. § 405(g), Plaintiff initiated this civil action for judicial review of the Commissioner's final decision. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final

judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## FACTS

Plaintiff was 41 years old at the time of his alleged onset date. Plaintiff has severe impairments of hypertensive vascular disease, chronic kidney disease, cardiomyopathy, and urinary urgency. Plaintiff also complains of hand pain, foot pain with numbness, torn meniscus, ganglion cysts, severe migraines, and ulcers. Plaintiff has been diagnosed with Stage III kidney disease. Two state disability examiners indicated that Plaintiff medically equals a listing with respect to his kidney disease.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning

of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, the claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be

4

expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f); 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functioning capacity ("RFC"), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [claimant's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR

96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**ANALYSIS**

**A.     Listing 6.02**

Plaintiff argues that the ALJ improperly evaluated whether Plaintiff medically equaled Listing 6.02. The Commissioner argues that substantial evidence supports the ALJ's findings that Plaintiff did not meet or medically equal any listed impairment.

At Step Three of the disability inquiry, an ALJ must determine whether the claimant's impairments meet or equal the criteria of an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). An individual suffering from an impairment that meets or is the equivalent of the description of a Listing is conclusively presumed disabled, and no further analysis is required. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). "To meet or equal a listed impairment, the claimant must satisfy all of the criteria of the listed impairment," and he "bears the burden of proving his condition meets or equals a listed impairment." *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999).

Listing 6.02[1] addresses kidney disease as follows:

> Impairment of renal function, due to any chronic renal disease that has lasted or can be expected to last for a continuous period of at least 12 months. With:
>
> A. Chronic hemodialysis or peritoneal dialysis (see 6.00E1). or

---

[1] As in effect on the date of the ALJ's decision.

> B. Kidney transplantation. Consider under a disability for 12 months following surgery; thereafter, evaluate the residual impairment (see 6.00E2). or
>
> C. Persistent elevation of serum creatinine to 4 mg per deciliter (dL) (100 ml) or greater or reduction of creatinine clearance to 20 ml per minute or less, over at least 3 months, with one of the following:
>
>> 1. Renal osteodystrophy (see 6.00E3) manifested by severe bone pain and appropriate medically acceptable imaging demonstrating abnormalities such as osteitis fibrosa, significant osteoporosis, osteomalacia, or pathologic fractures; or
>>
>> 2. Persistent motor or sensory neuropathy (see 6.00E4); or
>>
>> 3. Persistent fluid overload syndrome with:
>>
>>> a. Diastolic hypertension greater than or equal to diastolic blood pressure of 110 mm Hg; or
>>>
>>> b. Persistent signs of vascular congestion despite prescribed therapy (see 6.00B5); or
>>
>> 4. Persistent anorexia with weight loss determined by body mass index (BMI) of less than 18.0, calculated on at least two evaluations at least 30 days apart within a consecutive 6-month period (see 5.00G2).

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 6.02 (as in effective prior to December 9, 2014).

"To qualify under listing 6.02, a claimant must have an impairment of renal function that either raises the claimant's serum creatinine to 4.0 mg/dL or requires dialysis or a kidney transplant." *Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 6.02). There is no evidence in the record that Plaintiff had either dialysis (6.02A) or a kidney transplant occurring (6.02B), leaving Listing 6.02C, which requires persistent elevation of serum creatinine to 4 mg per deciliter along with one of the additional symptoms listed to meet the listing.

The ALJ found that Plaintiff's creatine levels were not "persistently" elevated because they

7

were "elevated only for a short period during part of April 2011 and May 2011, and not again until November 2011." AR 34. The ALJ does not explain what "persistent" elevation of creatinine means. The Court finds some guidance in the current version of the listing, now Listing 6.05, which removes the "persistent" language and provides specific parameters, requiring that for a Plaintiff to meet the listing that the creatinine must exceed 4 mg/dl "on at least two occasions at least 90 days apart during a consecutive 12-month period." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 6.05. The record, along with the ALJ's findings, shows that Plaintiff exceeded the creatinine levels exceed 4 mg/dl twice at least 90 days apart.

The ALJ also found that the record did not indicate any of the additional findings required by Listing 6.02C. AR 34. The record, however, shows evidence that Plaintiff had diastolic blood pressure in excess of 110, which can be one of the additional symptoms to supporting a finding under listing 6.02C(3)(a). Although Plaintiff may not meet all of the listing requirements, the ALJ failed to address whether Plaintiff medically equals the listing, a failure that is especially significant in this case because two state disability examiners that found Plaintiff medically equals the listing. AR 471, 526. Both of the state disability examiners noted Plaintiff's high blood pressure, along with other factors, to conclude that Plaintiff medically equaled the listing. Nevertheless, the ALJ completely fails to address these state disability reports or show that he analyzed whether Plaintiff medically equaled the listing.

In this case, despite several indications that Plaintiff may medically equal the listing"the ALJ never consulted a medical expert regarding whether the listing was equaled. Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004). The ALJ did not consult a medical expert in this case. In this case, "the ALJ simply assumed the absence of equivalency without any

relevant discussion. That assumption cannot substitute for evidence and does not support the decision to deny benefits." *Id.* at 671. Accordingly, the Court remands the case for a complete analysis of whether Plaintiff meets or medically equals the listing.

**B.     Treating Physician**

Plaintiff also argues that the ALJ improperly evaluated the opinion of Dr. Kollipara. The Court is remanding the case for the reasons above and will not reach the arguments on the treating physician. On remand, the Court reminds the ALJ to fully consider and analyze the treating physician opinions under applicable regulations.

**CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 20], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 3rd day of September, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT